GLORIA M. ROY, OSB #903720
Marion County Legal Counsel
groy@co.marion.or.us
KENNETH S. MONTOYA, OSB #064467
Sr. Assistant Legal Counsel
kmontoya@co.marion.or.us
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorneys for Defendants Sheriff Jason Myers
and Deputy Jason Bernards

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RODOLFO PORTILLO,<br><br>        Plaintiff,<br><br>        v.<br><br>MARION COUNTY, JASON MYERS AND JASON BERNARDS, Personally,<br><br>        Defendants. | Civil No. 6:16-cv-877-JR<br><br>**DEFENDANTS SHERIFF JASON MYERS AND DEPUTY JASON BERNARDS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Sheriff Jason Myers and Deputy Jason Bernards ("Defendants"), for

themselves alone, in answer to Plaintiff's Amended Complaint, admit, deny, and allege as

follows:

1 – **DEFENDANTS SHERIFF JASON MYERS AND DEPUTY JASON BERNARDS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1.

Defendants deny the allegations contained in paragraphs 1, 12 – 14, 16 – 18, 18 (plaintiff's Amended Complaint has two paragraphs numbered 18), 48 – 50 (plaintiff's Amended Complaint skips from the second paragraph number 18 to 48) and plaintiff's "Prayer for Relief."

2.

Defendants admit paragraphs 2, 5 and 6.

3.

In response to paragraph 3, Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 and thus deny them in their entirety.

4.

In response to paragraph 4, admit that Jason Myers is the elected Sheriff for Marion County, Oregon and Jason Bernards is a Marion County Sheriff's Office Deputy and that all times relevant to this litigation they acted within the course and scope of their employment with Marion County. Except as expressly admitted, deny the remaining allegations in paragraph 4.

5.

In response to paragraph 7, Defendants admit that on March 23, 2015, multiple Marion County Sheriff's Office Deputies went to plaintiff's residence to arrest him pursuant to a Felony, no bail, parole violation warrant for Sodomy I. Further admit that Deputies were at plaintiff's residence for approximately one hour prior to Deputy Bernards and his police service dog being requested to respond to plaintiff's residence. During the one hour that Deputies were at plaintiff's residence, plaintiff ignored their commands to come outside of his residence to be arrested. Also, during the one hour that plaintiff ignored Deputy's commands to submit to arrest,

two of plaintiff's associates came out of his residence and advised Deputies that plaintiff was inside and barricading himself in his bedroom and a Deputy observed plaintiff barricading himself in his bedroom.  Admit that plaintiff was given multiple commands to come outside of his residence and submit to arrest and that if he failed to do so, a police service dog would be used to affect his arrest.  And, when plaintiff finally came to the door, he yelled at Deputies and refused to comply with commands that he show his hands.  Admit that after initially indicating that he was coming outside, plaintiff took a fighting stance and made fists with both of his hands and refused to comply with Deputies' commands that he exit his residence and come outside to submit to arrest.  Admit that Deputy Bernards believed a Taser would be used however, the Deputy in the best position to utilize a Taser determined that its use was inappropriate based on the circumstances then present.  Admit that after plaintiff slowly retreated into his residence and refused to comply with Deputies' commands, Deputy Bernards again commanded that plaintiff exit his residence and, when plaintiff again ignored commands, Deputy Bernards ordered his police service dog to seize plaintiff and bring plaintiff outside of the residence.  Admit that plaintiff was dragged approximately 10-15 from the inside of his residence to Deputy Bernards by the police service dog.  Except as expressly admitted above, deny the remaining allegations in paragraph 7.

6.

In response to paragraph 8, admit that after over one hour of commands for him to exit his residence prior to a police service dog being dispatched to his residence, plaintiff began to comply with commands to exit his barricaded residence.  Admit that Deputy Bernards agreed to remove his police service dog if plaintiff complied with the Deputy's commands and deny that

plaintiff complied with those commands. Except as expressly admitted, deny the remaining allegations in paragraph 8.

7.

In response to paragraph 9, deny plaintiff's latest version of the events that led to his being bitten by Deputy Bernards' police service dog. Admit that Deputy Bernards thought a Taser would be deployed however, the Deputy with the Taser determined it was not an appropriate tool due to the circumstances then present. Except as expressly admitted, deny the remaining allegations in paragraph 9.

8.

In response to paragraph 10, Defendants admit that Deputy Bernards' police service dog was used to affect plaintiff's arrest. Defendants further admit that this was the appropriate force option in light of plaintiff's continued and prolonged refusal to submit to arrest, plaintiff barricading himself in his residence, the felony warrant for his arrest as well as the circumstances then present at plaintiff's residence. Except as expressly admitted, deny the remaining allegations in paragraph 10.

9.

In response to paragraph 11, deny that plaintiff blacked out as he was alert and refused to respond to Deputy Bernards' questions after he was taken into custody. As to the remaining allegations in paragraph 11, defendants do not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 as these allegations are substantially different than those contained in plaintiff's original Complaint and, as such, defendants are unsure as to which version of events is accurate.

10.

Except as specifically admitted, Defendants deny each and every allegation in plaintiff's Amended Complaint.

By way of a FIRST AFFIRMATIVE DEFENSE, Defendants allege:

(Failure to State a Claim)

11.

Plaintiff has failed to state facts sufficient to constitute a claim for one or more of the theories of liability alleged.

By way of a SECOND AFFIRMATIVE DEFENSE, Defendants alleges:

(Qualified Immunity)

12.

Defendants Sheriff Jason Myers and Deputy Jason Bernards, to the extent they are sued individually, are immune from liability under the doctrine of qualified immunity in that their conduct did not violate any clearly established law and their actions were objectively reasonable at all times.

By way of a THIRD AFFIRMATIVE DEFENSE, Defendants allege:

(Absolute Immunity)

13.

To the extent that plaintiff challenges the lawfulness of his arrest or subsequent imprisonment, Defendants are absolutely immune from suit because the arrest was made pursuant to a lawful and duly issued and confirmed felony warrant for plaintiff's arrest.

By way of a FOURTH AFFIRMATIVE DEFENSE, Defendants allege:

(Oregon Tort Claims Act)

14.

All State law claims brought by plaintiff are precluded by the Oregon Tort Claims Act (ORS 30.260 – 30.300) because plaintiff failed to provide proper and timely notice as required by ORS 30.275.

Defendants Sheriff Myers and Deputy Bernards are not proper parties to plaintiff's State law claims pursuant to ORS 30.265(1).

By way of a FIFTH AFFIRMATIVE DEFENSE, Defendants allege:

(Probable Cause)

15.

At all times relevant to this action, Defendants acted in the course and scope of their employment with the County of Marion.

16.

There was probable cause for the actions undertaken by Defendants.

By way of a SIXTH AFFIRMATIVE DEFENSE, Defendants allege:

(Good Faith)

17.

The action and conduct of Defendants were undertaken in the good-faith performance of their official duties, without malice and are, therefore, privileged under Oregon law.

///

///

6 – **DEFENDANTS SHERIFF JASON MYERS AND DEPUTY JASON BERNARDS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

By way of a SEVENTH AFFIRMATIVE DEFENSE, Defendants allege:

(Comparative Fault)

18.

Plaintiff's injuries were as a direct result of his own actions in barricading himself in his residence, refusing to comply with Deputies' multiple requests for well over an hour that he come outside and submit to arrest and the immediate threat that plaintiff presented due to his actions.

**WHEREFORE**, Defendants, having fully answered plaintiff's Amended Complaint, pray that said Amended Complaint be dismissed with prejudice and that Defendants be awarded costs and disbursements in defending this action.

**DEFENDANTS RESPECTFULLY DEMAND A JURY TRIAL.**

DATED this 23rd day of February, 2017.

/s/ Kenneth S. Montoya
Kenneth S. Montoya
Sr. Assistant Legal Counsel
Of Attorneys for Defendants Sheriff
Myers and Deputy Bernards

# CERTIFICATE OF MAILING

I hereby certify that I served the foregoing **DEFENDANTS SHERIFF JASON MYERS AND DEPUTY JASON BERNARDS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** on the following person(s):

> Leonard R. Berman
> 4711 SW Huber St., Suite E-3
> Portland, OR 97219
> Attorney for Plaintiff

By the following indicated method or methods:

\___  By faxing a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

\___  By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known office address listed above and causing it to be deposited in the U.S. mail at Salem, Oregon on the date set forth below;

XX  by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

\___  By sending a copy thereof via overnight courier in a sealed, prepaid enveloped, addressed to each attorney's last-known address on the date set forth below.

DATED this 23rd day of February, 2017.

> /s/ Kenneth S. Montoya
> Kenneth S. Montoya
> Sr. Assistant Legal Counsel
> Of Attorneys for Defendants Sheriff Myers
> and Deputy Bernards